Félix Colón, Petitioner and Appellee, v. Pension Board, etc., Respondent and Appellant.

No. 6591. Argued December 4, 1934.—Decided May 3, 1935.

*Benjamin J. Horton, Attorney General,* and *Angel C. Calderón, Deputy Attorney General,* for appellant. *Juan B. Soto* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

Félix Colón, alleging that he had rendered services to the Insular Government for a period greater than twenty years computed in accordance with section 2 of Act No. 104 of 1925, presented to the Board of Retirement a petition for the pension to which he thought he was entitled in accordance with section 8 of said act.

The Board denied his right to be retired on the ground that from the 15th of August, 1932, to the 30th of September of the same year, the petitioner had been suspended from his employment and salary and that upon seeking for his retirement on the 31st of July, 1933, three years had not elapsed from the time when he returned to the service.

The answer of defendant besides contained the following averment:

"That on May 19, 1933, the plaintiff filed an application for retirement with the defendant Board, which was denied on July 19, 1933, on the ground that the plaintiff was out of the service at the time of the filing of the petition, because he was suspended from office and salary on August 15, 1932, which suspension was extended to September 30, 1932."

There was no question, as found by the court below, that the number of years that the appellee had been in the service exceeded twenty. Therefore, according to the court the whole question in the case turned upon the interpretation given to section 13 of the aforesaid act which reads in part as follows:

". . . *Provided, further,* that any officer or employee who has ceased to render services to the Insular Government and who again returns thereto after this act takes effect, shall serve for at least three consecutive years before he is entitled to enjoy the benefits of this act."

The court held that the words of the section referred to employees or officers who had ceased to render services before the existence of said act and that the said proviso

could not apply to persons who were actually in the service when the act went into effect.

We are inclined to think that the reasoning of the court was mistaken, but its judgment ordering the pension to be paid to the petitioner, may be affirmed on a different ground, perhaps slightly suggested in the brief of the appellee. The fact stands out that the petitioner was suspended from service and pay from August, 1932, to September, 1932, and perhaps for a longer time. Exactly for what reasons the suspension took place does not appear from the record. It evidently was not a voluntary retirement.

We question whether defendant sufficiently alleged the separation from the service until May or July, 1933, but we may assume it to be true.

We feel bound to hold that the proviso aforesaid applies more particularly to persons who have voluntarily separated themselves from the service for some fair period of time and come back practically only to obtain the benefit of the pension. Where a person returns to the service after an extended separation therefrom, voluntarily made, the intention of the Legislature was that such an employee should actually render services for a three-year period.

When an employee is suspended against his will, he has not ceased to render services within the intendment of the proviso. Although the facts were somewhat different the reasoning of *Sanquírico* v. *Pension Board,* 46 P.R.R. 195, may be applied. There we said:

"In our judgment, everything depends on the interpretation given to the words 'out of service' used in section 2 of Act No. 104 of 1925 (Session Laws, p. 948), which is the applicable statute. We believe a 'suspended' employee can only be considered to have been 'out of the service' during the time of the suspension, if, upon the final decision of his case, he is removed or separated from his employment. But if it is decided that he return to it because the grounds for the suspension are considered unjustified, it must be concluded that he remained always within the service."

In other words, under the facts of the present case the petitioner was not "out of the service."

The judgment appealed from must be affirmed.